# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRELL DUPARD** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 19-1982** |
| **JOSEPH P. LOPINTO, III, et al.** | **SECTION: "G" (1)** |

## ORDER AND REASONS

Pending before this Court is Defendants Jefferson Parish Sheriff Joseph P. Lopinto, III ("Lopinto") and Jefferson Parish Sheriff's Deputy Wayne Augillard's ("Augillard") (collectively, "Defendants") Motion for Partial Dismissal for Failure to State a Claim.[1] In this litigation, Plaintiff Darrell Dupard ("Plaintiff") alleges that he was subjected to an unlawful search and seizure by deputies of the Jefferson Parish Sheriff's Office.[2] Accordingly, Plaintiff brings this action under 42 U.S.C. § 1983 for alleged constitutional violations and under Louisiana state law for alleged tort violations by Jon Gegenheimer's ("Gegenheimer"), the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, as well as Jefferson Parish Sheriff Joseph P. Lopinto, III ("Lopinto") and Jefferson Parish Sheriff's Deputy Wayne Augillard ("Augillard").[3] In the instant motion, Defendants argue that the Court should dismiss Plaintiff's claim that Lopinto and Gegenheimer conspired to violate Plaintiff's right to view records, namely the affidavit in support of the application for the search warrant.[4] Having considered the motion, the memoranda in

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 1 at 11-13.

[3] *Id.* at 18-21.

[4] Rec. Doc. 5-1 at 1.

1

support and opposition, and the applicable law, the Court will deny the motion and grant Plaintiff leave to amend the complaint.

## I. Background

### A. *Factual Background*

Plaintiff alleges that on or about March 20, 2018, Augillard and other deputies arrived at Plaintiff's residence to conduct a search related to a missing gun.[5] Plaintiff alleges that the officers discovered two firearms which were confiscated.[6] Plaintiff also alleges that Augillard and the other deputies forcibly searched two vehicles located in front of the property.[7] Accordingly, Plaintiff brings suit under 42 U.S.C. § 1983, alleging that the search was unconstitutional, and for various tort violations under Louisiana law.[8] Additionally, Plaintiff brings suit against Lopinto, alleging that Lopinto failed to adequately train, supervise and/or discipline law enforcement officers.[9] Lastly, Plaintiff alleges that Gegenheimer, the Clerk of Court, failed to maintain any and all affidavits for search warrants, which Plaintiff alleges is a deprivation of his federal and state constitutional rights and in violation of Louisiana Public Records Law.[10]

---

[5] Rec. Doc. 1 at 11–13.

[6] *Id*. at 13.

[7] *Id*. at 14.

[8] *Id*. at 18–22.

[9] *Id*. at 24.

[10] *Id*. at 25–29.

### B. *Procedural Background*

Plaintiff filed a complaint in this Court on March 4, 2019, bringing claims against Lopinto, Augillard, Gegenheimer and other unknown and unnamed defendants under 42 U.S.C. § 1983 for alleged constitutional violations and under Louisiana state law for alleged tort violations.[11] On April 10, 2019, Defendants Lopinto and Augillard filed the instant motion to dismiss for failure to state a claim.[12] On April 16, 2019, Defendant Gegenheimer filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction.[13] On April 30, 2019, Plaintiff filed an opposition to both motions to dismiss.[14]

## II. Parties' Arguments

### A. *Defendants' Arguments in Support of the Motion to Dismiss*

In the instant motion, Defendants Lopinto and Augillard, argue that there is no viable legal theory upon which relief can be granted for Plaintiff's claim that Lopinto conspired to violate his right to view records, namely the affidavit in support of the application for the relevant search warrant.[15] Defendants argue that the statutes that Plaintiff cites in the Complaint in support of his claim that the Defendants had a statutory duty to file affidavits in support of search warrants with the Clerk of Court do not apply in this case.[16] Defendants contend that La. R.S. 13:914 applies to

---

[11] Rec. Doc. 1.

[12] Rec. Doc. 5-1.

[13] Rec. Doc. 6-1.

[14] Rec. Doc. 8.

[15] Rec. Doc. 5-1 at 1 (citing Rec. Doc. 1 at 28-29).

[16] *Id*. at 5 (citing Rec. Doc. 1 at 7).

3

actual criminal cases and here, no judicial process was initiated against Plaintiff.[17] Additionally, Defendants contend that there was no duty to file the search warrant or any supporting documents because there was no case in which to file it, because Plaintiff had not been arrested, booked, charged or prosecuted for any crime.[18] In sum, Defendants argue that "there was never any criminal prosecution initiated against Plaintiff, nor any judicial phase of criminal process initiated whatsoever pursuant to which any records of the relevant search warrant would have been filed with the Clerk of Court or in open court."[19] Lastly, Defendants argue that there is no legal requirement that the Sheriff or his officers file a search warrant with the Clerk of Court; rather, these records may be obtained through the discovery article of the Louisiana Code of Criminal Procedure in the context of a prosecution before an appropriate tribunal.[20] Therefore, Defendants argue, Plaintiff's claims that Lopinto and Gegenheimer conspired to violate his right to view records fail to state a cause of action for which relief can be granted.[21]

## B. *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

First, Plaintiff argues that Louisiana law requires a clerk of court to maintain a copy of an application for a search warrant because it is a court record.[22] Plaintiff contends that Louisiana Code of Civil Procedure article 251 requires the clerk of court to maintain records of the court.[23]

---

[17] *Id.*

[18] *Id.* at 5-6.

[19] *Id.* at 8.

[20] *Id.*

[21] *Id.*

[22] Rec. Doc. 8 at 1.

[23] *Id.* at 2.

In response to Defendants' argument that certain record keeping provisions do not apply until a case exists, Plaintiff argues that the Louisiana Attorney General stated that "[i]f no file has yet been opened, then it is the duty of the clerk of court to open a file and record the transcript therein."[24] Plaintiff contends that this interpretation of Louisiana law requires the clerk of court to open a file if one is not already opened.[25] Next, Plaintiff argues that Louisiana Revised Statute § 13:914 provides that "[t]he clerk shall record all pleadings, original documents, and judgments either in a bound book, or by means . . . . "[26] Plaintiff contends that the application for a search warrant is an "original document" and was therefore required to be recorded by the clerk of court.[27]

Next, Plaintiff argues that Louisiana law allows for actions against the clerk of court for the clerk's failure to perform his ministerial duties.[28] Plaintiff contends that under Louisiana Revised Statute § 13:750.1(A), the clerk of court is liable for damages or losses caused by his willful, wanton, or intentional failure to properly perform the duties and obligations of the clerk.[29] Plaintiff argues that Louisiana law only excludes liability for improper filing or failing or refusing to file, when the clerk is directed to do so by order of the court, but argues that here, there is no court order instructing the clerk of court to not file and maintain a record of the court.[30]

---

[24] *Id*. (citing Rec. Doc. 8-1).

[25] *Id*. at 3.

[26] *Id*. (citing La. Rev. Stat. § 13:914(A)).

[27] *Id*. at 4.

[28] *Id*.

[29] *Id*. at 5.

[30] *Id*.

Plaintiff argues that Lopinto, Augillard and Gegenheimer all maintain that they are not the custodians of the record.[31] Responding to Defendants' argument that Plaintiff has failed to cite any law that requires the clerk of court to record the warrant application, affidavit and warrant, Plaintiff argues that "it is truly defendants that have cited no laws or court orders stating the clerk of court does *not* have the responsibility to maintain these documents."[32] Lastly, Plaintiff contends that delivery of the affidavit to the court is a question of fact and not appropriate for resolution through a motion to dismiss.[33]

### III. Legal Standard

*A.    Legal Standard for Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[34] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[35] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[36] "Factual allegations must be enough to raise a right to relief above the

---

[31] *Id.* at 8.

[32] *Id.* at 8–9 (emphasis original).

[33] *Id.* at 9.

[34] Fed. R. Civ. P. 12(b)(6).

[35] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

6

speculative level."[37] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged."[38]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[39] Although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[40] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[41] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[42] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[43] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[44] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[45] If factual allegations are insufficient to raise a right to relief above

---

[37] *Twombly*, 550 U.S. at 555.

[38] *Iqbal*, 556 U.S. at 678.

[39] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[40] *Iqbal*, 556 U.S. at 677–78.

[41] *Id.* at 679.

[42] *Id.* at 678.

[43] *Id.*

[44] *Id.*

[45] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[46]

## IV. Analysis

In the instant motion, Defendants argue that the Court should dismiss Plaintiff's claim that Lopinto and Gegenheimer conspired to violate Plaintiff's right to view records because (1) Lopinto does not have a legal duty to file the search warrant with the Clerk of Court and (2) Plaintiff has failed to state a conspiracy claim against Gegenheimer and Lopinto.[47] The Court will address both arguments in turn.

### A. *Whether Plaintiff Has Stated a Claim Against Lopinto under Louisiana Public Records Law*

First, Defendants argue that because Plaintiff was never criminally prosecuted, there was no duty to file the affidavit in support of the search warrant.[48] Furthermore, Defendants argue that there is no legal requirement that Lopinto or his officers file a search warrant with the Clerk of Court.[49]

As the Court explained in its prior Order and Reasons, Plaintiff has stated a cause of action against Gegenheimer as the Clerk of Court for failing to perform his ministerial duties.[50] However, the provisions of Louisiana Public Records law that Plaintiff points to, namely Louisiana Revised

---

[46] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[47] Rec. Doc. 5-1 at 1.

[48] *Id*. at 5, 8.

[49] *Id*. at 8.

[50] Rec. Doc. 17.

8

Statute § 13:914, Louisiana Code of Criminal Procedure article 162.1(B), and Louisiana Code of Civil Procedure article 251, all concern the duties of the clerk of court. For example, Louisiana Revised Statute § 13:914 provides in pertinent part that "[t]he clerk shall record all . . . original documents" in some statutorily permissive manner.[51] Louisiana Code of Civil Procedure article 251 provides that "[t]he clerk of court is the legal custodian of all of its records and is responsible for their safekeeping and preservation."[52] Neither of these provisions suggest that Lopinto as Jefferson Parish Sheriff had a legal duty to record or maintain the affidavit in support of a search warrant.

Plaintiff also argues that Louisiana Code of Criminal Procedure article 162.1(B) requires that oral testimony in support of a warrant be transcribed "and fixed in the record."[53] Plaintiff contends that this provision, in conjunction with the opinion of the Louisiana Attorney General, indicates that a warrant, its application and issuance, creates a record that must recorded by the clerk of court.[54] Louisiana Code of Criminal Procedure article 162.1(B) provides for the issuance of a telephonic search warrant via sworn oral testimony, communicated to a judge by telephone, radio or other electronic method of communication.[55] Subsection (B) of that statute states:

> The sworn oral testimony may be communicated to the judge, and the oath may be administered by the judge, by telephone, radio, or such other electronic method of communication deemed appropriate by the judge. If the judge determines that the warrant should issue, he shall order the applicant to affix a facsimile of his signature to the warrant which the applicant has prepared and to note thereon the date and

---

[51] La. R.S. 13:914.

[52] La. C.C. P. art. 251.

[53] Rec. Doc. 8 at 2 (citing La. Code Crim. P. art. 162.1(B)).

[54] *Id.* at 3.

[55] *See* La. Code Crim. P. art. 162.1(B).

time of the determination. The sworn oral testimony, the contents of the warrant issued, the order to affix the signature facsimile, and the date and time of the determination shall be electronically recorded by the judge, who shall cause the recording to be transcribed and fixed in the record within seven days. The judge shall certify the accuracy of the transcription.[56]

In response to an inquiry from a police officer regarding the use of the word "record" in Louisiana Code of Criminal Procedure article 162.1, the Louisiana Attorney General issued an advisory opinion stating:

> Once a search warrant is executed, it should be filed into the court record and should be retained for use in any future prosecution. It is the opinion of this office that the transcript of the issuance of a search warrant via telephone is also a court record and should be filed with the clerk of court's office pursuant to La.C.C.P. art. 251. It is the duty of the judge to file the transcript within seven days with the clerk of court. It is then the duty of the clerk of court to accept and record such pursuant to La.C.Cr.P. art. 162.1(B). If no file has yet been opened, then it is the duty of the clerk of court to open a file and record the transcript therein.[57]

Here, there is no indication from the complaint that the search warrant was issued due to "sworn oral testimony" pursuant to Louisiana Code of Criminal Procedure article 162.1(B).[58] Rather, per the terms of the warrant, Detective Augillard submitted an affidavit to secure the warrant.[59] Because there is no indication that the search warrant was issued due to any oral testimony, Louisiana Code of Criminal Procedure article 162.1(B) is not directly relevant to the issue at hand. However, the opinion of the Louisiana Attorney General does offer support for Plaintiff's assertion that "once a search warrant is executed, it should be filed into the court record

---

[56] La. Code Crim. P. art. 162.1 (B).

[57] 1992 La. AG LEXIS 581, La. Atty. Gen. Op. No. 1992-601 at *2.

[58] La. Code Crim. P. art. 162.1 (B).

[59] *See* Rec. Docs. 1 at 7, 1-1.

and should be retained for use in any future prosecution."[60] However, it does not suggest that Lopinto as Jefferson Parish Sheriff had a legal duty to record or maintain the affidavit in support of a search warrant. Therefore, Plaintiff has not stated a claim for violations of Louisiana Public Records Law against Lopinto, and this claim fails as a matter of law.

## B. *Whether Gegenheimer, Lopinto and Augillard Conspired to Violate Plaintiffs' Rights under Federal and State Law*

Plaintiff brings a conspiracy claim against Gegenheimer and Lopinto under 42 U.S.C. § 1983.[61] Defendants argue that the Court should dismiss the conspiracy claim.[62] Plaintiff alleges that Gegenheimer and Lopinto conspired to violate Plaintiff's constitutional rights.[63] Specifically, Plaintiff alleges:

> Clerk of Court Gegenheimer and Sheriff Lopinto have created a policy, procedure or practice to frustrate and deprive citizens the rights to review matters of importance to the public, including the appropriateness of warrants issued and searches conducted under such warrants.
>
> Such policy, procedure or practice to keep the review of a warrant for its validity out of the public record and/or causing it so challenging to access that it is essentially removed from the public record is a violation of Louisiana public records law and deprives Mr. Dupard his rights of inspection under the Louisiana public records law and rights under other state and federal laws.
>
> Clerk of Court Gegenheimer and Sheriff Lopinto appear to, may have, or have conspired to deprive citizens the right to redress constitutional violations of improper searches and seizures by deliberately and intentionally complicating, if not hiding or eliminating from the public record, review of affidavits submitted to the court for purposes of receiving a warrant.

---

[60] 1992 La. AG LEXIS 581, La. Atty. Gen. Op. No. 1992-601 at *2.

[61] Rec. Doc. 1 at 28.

[62] Rec. Doc. 5-1 at 1.

[63] *Id*.

11

> A document which can deprive a citizen of their constitutional rights that is maintained by the party that created it, despite it being submitted as evidence in an official court proceeding, allows for an appearance of alteration, or actual alteration, of an unlawful document to a lawful document when the lawfulness of the document is questioned.
>
> Clerk of Court Gegenheimer's failure to maintain the affidavit and Sheriff Lopinto's maintaining of the affidavit create an authenticity and accuracy issue for the affidavit.
>
> This policy, procedure or practice, or lack thereof, or conspiracy to deprive has caused Mr. Dupard harm and damages.[64]

To plead a Section 1983 conspiracy claim, a plaintiff must allege facts that establish "(1) the existence of a conspiracy involving state action" and (2) "a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy."[65] Regarding the first element, to establish the existence of a conspiracy, a plaintiff "must show that the defendants agreed to commit an illegal act."[66] "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss."[67] To survive a motion to dismiss, a plaintiff must make "specific allegation[s] of fact tending to show a prior agreement has been made."[68] However, a Section 1983 conspiracy "claim need not [meet] a 'probability requirement at the pleading stage; [plausibility] simply calls for enough fact[s] to raise a reasonable expectation that discovery will

---

[64] Rec. Doc. 1 at 28-29.

[65] *Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (quoting *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990) (internal quotation marks omitted)).

[66] *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982); *see also Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) ("To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir.1994)).

[67] *Id.* (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)).

[68] Id. at 1023-24.

reveal evidence of illegal agreement.'"[69] Plaintiff's alleged "facts, when 'placed in a context . . . [must raise] a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.'"[70]

Although required to accept all "well-pleaded facts" as true on a motion to dismiss, a court is not required to accept legal conclusions as true.[71] Here, Plaintiff asserts a legal conclusion—that Gegenheimer and Lopinto conspired to deprive citizens of the right to redress constitutional violations of improper searches and seizures—but does not assert well-pleaded facts to support that conclusion. Notably, Plaintiff has failed to even suggest that there was any prior agreement between Gegenheimer and Lopinto. As currently pleaded, Plaintiff's conspiracy claims, unsupported by sufficient factual content, are insufficient to state a plausible claim for relief. Mere conclusory allegations of conspiracy do not survive a motion to dismiss.

Before dismissing his claims, Plaintiff requests that "this court provide him time to amend his complaint to more properly and fully bring his claims in light of the court's written reasons."[72] The Court recognizes that a motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[73] Short of granting a motion to dismiss, a court may grant Plaintiff leave to amend the complaint.[74] Accordingly, the Court herein grants Plaintiff leave to amend his

---

[69] *Jabary*, 547 F. App'x at 610 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955).

[70] *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).

[71] *Iqbal*, 556 U.S. at 677–78.

[72] Rec. Doc. 8 at 11.

[73] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[74] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

complaint to plead, if possible, specific facts to support his claim that Gegenheimer and Lopinto conspired to deprive citizens of the right to redress constitutional violations of improper searches and seizures sufficient to sustain a Section 1983 claim.

## V. Conclusion

As discussed above, Plaintiff has not stated a claim for violations of Louisiana Public Records Law against Lopinto, and this claim fails as a matter of law. Furthermore, Plaintiff has not pleaded sufficient facts to state a conspiracy claim. Nevertheless, short of granting the motion to dismiss, the Court will grant Plaintiff leave to amend the Complaint to address this issue, if possible. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Joseph P. Lopinto, III and Wayne Augillard's Motion for Partial Dismissal for Failure to State a Claim[75] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** with regard to Plaintiff's claims against Lopinto under Louisiana Public Records law.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the Complaint, within 14 days of this Order, to address the deficiencies noted above, if possible.

**NEW ORLEANS, LOUISIANA**, this 30th day of March, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[75] Rec. Doc. 5.