**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DARRELL DUPARD**                                         **CIVIL ACTION**

**VERSUS**                                                        **CASE NO. 19-1982**

**JOSEPH P. LOPINTO, III, et al.**                    **SECTION: "G"**

## ORDER AND REASONS

Pending before the Court is Defendant Jon Gegenheimer's ("Gegenheimer") "Motion for Summary Judgment."[1] In this litigation, Plaintiff Darrell Dupard ("Plaintiff") alleges that he was subjected to an unlawful search and seizure by deputies of the Jefferson Parish Sheriff's Office.[2] Accordingly, Plaintiff brings this action under 42 U.S.C. § 1983 for alleged constitutional violations and under Louisiana state law for alleged tort violations by Gegenheimer, the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, as well as Jefferson Parish Sheriff Joseph P. Lopinto, III ("Lopinto") and Jefferson Parish Sheriff's Deputy Wayne Augillard ("Augillard").[3] In the instant motion, Gegenheimer argues that he is entitled to summary judgment on all of Plaintiff's claims against him because Gegenheimer was never provided with an application for the relevant search warrant and Plaintiff fails to present evidence of any prejudice

---

[1] Rec. Doc. 54.

[2] Rec. Doc. 1 at 11–13.

[3] *Id*. at 18–21.

1

or actual injury due to Gegenheimer's conduct.[4] Having considered the motion, the memoranda in support and opposition, and the applicable law, the Court grants the motion.

## I. Background

### A.     *Factual Background*

Plaintiff alleges that on or about March 20, 2018, Augillard and other deputies arrived at Plaintiff's residence to conduct a search related to a missing gun.[5] Plaintiff alleges that the officers discovered two firearms which were confiscated.[6] Plaintiff also alleges that Augillard and the other deputies forcibly searched two vehicles located in front of the property.[7] Accordingly, Plaintiff brings suit under 42 U.S.C. § 1983, alleging that the search was unconstitutional, and for various tort violations under Louisiana law.[8] Additionally, Plaintiff brings suit against Lopinto, alleging that Lopinto failed to adequately train, supervise and/or discipline law enforcement officers.[9] Lastly, Plaintiff alleges that Gegenheimer, the Clerk of Court, failed to maintain any and all affidavits for search warrants, which Plaintiff alleges is a deprivation of his federal and state constitutional rights and violates the Louisiana Public Records Law.[10]

---

[4] Rec. Doc. 54 at 1.

[5] Rec. Doc. 1 at 11–13.

[6] *Id*. at 13.

[7] *Id*. at 14.

[8] *Id*. at 18–22.

[9] *Id*. at 24.

[10]  *Id*. at 25–29.

**B.      Procedural Background**

Plaintiff filed a complaint in this Court on March 4, 2019, bringing claims against Lopinto, Augillard, Gegenheimer and other unknown and unnamed defendants under 42 U.S.C. § 1983 for alleged constitutional violations and under Louisiana state law for alleged tort violations.[11] On March 30, 2020, the Court denied Gegenheimer's motion to dismiss, and granted Plaintiff leave to file a Rule 7(a)(7) reply regarding Plaintiff's 1983 claims.[12] On April 13, 2020, Plaintiff filed a second amended complaint[13] and a Rule 7(a)(7) reply.[14] On September 27, 2021, Gegenheimer filed the instant Motion for Summary Judgment.[15] On October 12, 2021, Plaintiff opposed the motion.[16]

## II. Parties' Arguments

**A.      Gegenheimer's Arguments in Support of the Motion for Summary Judgment**

First, Gegenheimer argues that he is entitled to summary judgment because he is not the custodian of the application for the search warrant, and the application was never submitted to him.[17] Gegenheimer points to the affidavits of Cherie Ball and Leshawan Johnson, which both

---

[11] Rec. Doc. 1.

[12] Rec. Doc. 21.

[13] Rec. Doc. 24.

[14] Rec. Doc. 23.

[15] Rec. Doc. 54.

[16] Rec. Doc. 60.

[17] Rec. Doc 54–1 at 5.

assert that law enforcement officers do not submit documents to the Clerk of Court in order to obtain search warrants, and instead submit search warrant applications either to district court judges or commissioners.[18] The affidavits further assert that those applications are maintained by those judges' or commissioners' secretaries.[19] Additionally, both affidavits assert that an application for a search warrant relating to Plaintiff was never submitted to the Clerk of Court.[20] Defendant argues that, based on court records and the affidavits of Cherie Ball and Leshawana Johnson, "there is no question that the application for search warrant of Darrel Dupard was not provided to the Clerk of Court."[21]

Next, Defendant asserts that he is entitled to qualified immunity. Defendant notes that the Court's March 30, 2020 Order and Reasons ruled that Plaintiff's claims were barred by qualified immunity because Plaintiff did not allege prejudice or actual injury as a result of Gegenheimer's actions, but granted Plaintiff leave to amend.[22] Defendant argues that "nowhere in his [Second Amended Complaint] does Plaintiff allege that he has suffered any prejudice or actual injury as a result of the Clerk's actions."[23] Furthermore, Defendant notes that Plaintiff has not sought to

---

[18] Rec. Doc 54–1 at 5; 54–5 at 1–3; 54–5 at 1–3.

[19] Rec. Doc. 54–1 at 5.

[20] *Id.*

[21] *Id.* at 6–7.

[22] *Id.* at 7.

[23] *Id.*

depose anyone in connection with this matter.[24] Thus, Defendant contends that Plaintiff has "presented no facts, nor attempted to obtain facts through discovery, to support the notion that he has suffered actual injury or prejudice."[25] As a result, Defendant contends that he is entitled to qualified immunity.

**B.    *Plaintiff's Arguments in Opposition to the Motion for Summary Judgment***

In opposition, Plaintiff first argues that the affidavits of Cherie Ball and Leshawna Johnson, which were attached to Gegenheimer's Motion, should be stricken.[26] Plaintiff asserts that they are unreliable because they are "not the words and statements of the deputy clerks signing them, but rather [] prepared statement[s] that they have been asked to endorse for the purpose of a favorable outcome on this summary judgment."[27] Plaintiff further cites *Chaney v. Dreyfus Service Corp.* for the proposition that "the court should disregard any evidence from the moving party that the jury is not required to believe."[28] Plaintiff argues that the affidavits fall within this category of evidence and therefore should be stricken.[29] Plaintiff contends that neither affiant stated that they were the minute clerk working in Commissioner Joyce's courtroom on the date the warrant was issued.[30]

---

[24] *Id.*

[25] *Id.* at 8.

[26] Rec. Doc. 60 at 1.

[27] *Id.* at 1–2.

[28] *Id.* at 2.

[29] *Id.*

[30] *Id.*

As a result, Plaintiff argues that the affidavits "cannot conclusively state whether or not the warrant affidavit or application was available for recording."[31]  Accordingly, Plaintiff argues that the affidavits should be stricken.

Plaintiff argues that the relevant dispute of fact is whether "the clerk [took] the necessary steps to ensure warrants and warrant applications are provided to his office for recording."[32]  Plaintiff argues that the clerk did not, and points out that Gegenheimer has asserted that he does not have a duty to "seek out and retain" the warrant application.[33]  Nevertheless, Plaintiff contends that whether the warrant application "is handed/submitted to the clerk *or not*, it is the duty of the clerk to record and maintain the records of the district court."[34]  Plaintiff notes that Louisiana Code of Civil procedure article 251 states that "[t]he clerk of court is the legal custodian of all of its records and is responsible for their safekeeping and preservation."[35]  Thus, Plaintiff argues that there is no "affirmative duty on others," but rather a duty on the clerk to preserve "all" records, including the warrant application.[36]

In response to the contention that the commissioners or judges' secretaries are the custodians of search warrant applications, Plaintiff points to an email he received from Renee

---

[31] *Id.* at 3.

[32] *Id.* at 5.

[33] *Id.*

[34] *Id.* at 6.

[35] *Id.* at 7.

[36] *Id.*

Hatch Aguilar, the Deputy Judicial Administrator for the 24th Judicial District Court, which states that "[t]he 24th Judicial District Court is not the custodian of the record you have requested."[37] Furthermore, Plaintiff notes an opinion from the Louisiana Attorney General which states that "[t]he Clerk of Court, rather than the Judicial Administrator's Office or any other Court Agency, is the official keeper of the [court's] records."[38]

Plaintiff argues that the affidavits attached to Gegenheimer's Motion do not establish that he is not the custodian of the warrant application. Plaintiff asserts that the affidavits are from two of Gegenheimer's deputy clerks who "blindly state with no support or basis" that Gegenheimer is not the custodian of the warrant application.[39] Although Plaintiff acknowledges that "[t]he clerk puts forward facts showing it did not and does not maintain search warrants," Plaintiff argues that this merely "demonstrates a failure of the clerk to perform his ministerial duties of maintaining the record of the district court."[40]

Next, Plaintiff appears to argue that the clerk should have a copy of the warrant application because it was signed by Commissioner Joyce on March 14, 2019 at 2:00 p.m., which "suggests it was submitted and the warrant was issued in a session of the court."[41] Plaintiff asserts that the application for the warrant was presented via the court's electronic system to Commissioner Joyce

---

[37] *Id.* at 8.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 9.

[41] *Id.*

at the courthouse, and the "[m]inute clerk assigned to the court should have been present."[42] Plaintiff further asserts that "[w]hile in session, the court issued a judgment—a search warrant— and the clerk of court did not take possession or retain the records of the court or enter a minute entry of the court's order."[43]

Next, Plaintiff argues that Gegenheimer is not entitled to qualified immunity. Responding to Gegenheimer's argument that Plaintiff has not presented evidence of prejudice or actual injury, Plaintiff states that he "has presented his prejudice and injury in his (second) amended complaint and Rule 7(a)(7) memorandum."[44] Plaintiff further states that there have been no other occasions for him to detail these injuries, as the clerk has not taken his deposition nor engaged in written discovery.[45] Furthermore, Plaintiff asserts that Defendant Lopinto's written discovery "does not seek such information."[46]

Plaintiff asserts that Gegenheimer's actions have damaged him. Plaintiff asserts that he has incurred legal fees in attempting to locate the warrant through public record requests.[47] Plaintiff further asserts that he has been unable to obtain a certified copy of the warrant, or access to the

---

[42] *Id.* at 10.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.* at 11.

"actual application and affidavit" filed by Aguillard.[48] As a result, Plaintiff argues that he is "potentially deprive[d]" of his Fourth Amendment rights.[49]

Lastly, Plaintiff contends that even if Gegenheimer is entitled to qualified immunity, immunity extends only to Plaintiff's constitutional claim, not his claims under Louisiana law.[50]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[51] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[52] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[53] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a

---

[48] *Id.*

[49] *Id.*

[50] *Id.* at 12.

[51] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[52] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[53] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

matter of law.[54]  The nonmoving party may not rest upon the pleadings.[55]  Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[56]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[57]  "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[58]  If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[59]  The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[60]

---

[54] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[55] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[56] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[57] *Celotex*, 477 U.S. at 323.

[58] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[59] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[60] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[61] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[62] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[63]

## IV. Analysis

In opposition to the motion, Plaintiff initially argues that the affidavits attached to Gegenheimer's motion should be stricken. Plaintiff then appears to argue that Gegenheimer is not entitled to summary judgment because 1) Gegenheimer is the custodian of the warrant application and 2) he is not entitled to qualified immunity. For the reasons explained below, the Court need not address whether the affidavits should be stricken, as Plaintiff has not carried his burden of producing evidence upon which a reasonable jury could rule in his favor.

### A.   *Whether Gegenheimer is Entitled to Summary Judgment on Plaintiff's Claims under Louisiana Law*

Gegenheimer argues that he is entitled to summary judgment on Plaintiff's claims under the Louisiana Public Records Law because there is no dispute that he was not given the search

---

[61] *Little*, 37 F.3d at 1075 (internal citations omitted).

[62] *Morris*, 144 F.3d at 380.

[63] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

11

warrant application at issue. In opposition, Plaintiff argues that Gegenheimer is liable under Louisiana law because Gegenheimer "failed to put procedures in place" to ensure that warrant applications are delivered to the Clerk's office to be filed and maintained.[64] Plaintiff asserts that "[w]hether [the warrant application] was handed/submitted to the clerk or not, it is the duty of the clerk to record and maintain the records of the district court."[65]

Plaintiff points to two provisions of Louisiana law in support of this argument. Louisiana Revised Statute § 13:914 provides the following:

> A. The clerk shall record all pleadings, original documents, and judgments either in a bound book, or by means of photorecording, photocopying, microfilming, or other photographic method of reproduction, or electronically on non-rewritable magnetic, optical, or laser type storage media, including but not limited to CD-ROM. However, if the clerk elects to record by means of microfilming or other photographic method of reproduction, or electronically, he shall have copies of the films, tapes, or disks available for inspection.[66]

Additionally, Louisiana Code of Civil Procedure article 251 states:

> A. The clerk of court is the legal custodian of all of its records and is responsible for their safekeeping and preservation. He may issue a copy of any of these records, certified by him under the seal of the court to be a correct copy of the original. Except as otherwise provided by law, he shall permit any person to examine, copy, photograph, or make a memorandum of any of these records at any time during which the clerk's office is required by law to be open. However, notwithstanding the provisions of this Paragraph or R.S. 44:31 et seq., the use, placement, or installation of privately owned copying, reproducing, scanning, or any other such imaging equipment, whether hand-held, portable, fixed, or otherwise, within the offices of the clerk of court is prohibited unless ordered by a court of competent

---

[64] Rec. Doc. 60 at 5.

[65] *Id.*

[66] La. Rev. Stat. § 13:914.

jurisdiction.[67]

In the Court's March 30, 2020 Order on Gegenheimer's motion to dismiss, the Court reviewed each of these provisions and ruled that Plaintiff had stated a plausible claim against Gegenheimer under both.[68] As for Section 13:914, the Court explained that "Gegenheimer has a duty to record all original documents of the court."[69] Nevertheless, the Court explained that whether the affidavit was provided to Gegenheimer, and thus whether he is the rightful custodian of the affidavit, is a "factual issue that cannot be decided on a Rule 12(b)(6) motion to dismiss."[70] Similarly, regarding article 251, the Court found that "the clerk of court is the legal custodian of all of the court's records and is responsible for their safekeeping and preservation."[71] The Court explained that "[i]f the affidavit in support of the search warrant was provided to Gegenheimer for filing, he would be responsible for its safekeeping" under article 251.[72] Again, however, the Court ruled that "[t]he question of whether the affidavit was provided to Gegenheimer for filing is a factual issue that cannot be decided" on a motion to dismiss.[73]

Thus, the inquiry at the summary judgment stage is whether there remains a genuine

---

[67] La. C.C. P. art. 251.

[68] Rec. Doc. 21.

[69] *Id.* at 20.

[70] *Id.*

[71] *Id.* at 25.

[72] *Id.* at 26.

[73] *Id.* at 25.

dispute of material fact as to whether the warrant application was provided to Gegenheimer. A defendant is entitled to summary judgment where the issue "is one on which the opponent will bear the ultimate burden of proof at trial" and "the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[74]  In civil cases, of course, the burden of proof at trial rests on the plaintiff or the party seeking relief.[75]  Here, Plaintiff has not put forth *any evidence* demonstrating that the warrant application was provided to Gegenheimer. Because Plaintiff bears the burden of proving that the warrant application was provided to Gegenheimer, and Plaintiff has not put forward any evidence to support that allegation, Gegenheimer is entitled to summary judgment on this question.

The Court recognizes that Plaintiff makes no attempt to demonstrate that the warrant application was provided to Gegenheimer. Instead, Plaintiff asserts that Gegenheimer is liable even if the warrant application was never provided to him, and that Gegenheimer had a duty to "seek out and retain" the warrant application after it was presented to the state court judge. However, Plaintiff cites to no authority that interprets Louisiana law to impose this heightened duty on the Clerk of Court. There may well be a host of documents that are provided to state court judges that are not given to the Clerk for filing. Absent authority to the contrary, the Court will not read this novel duty on the Clerk into Louisiana law. Therefore, Gegenheimer is entitled to summary judgment on Plaintiff's state law claim.

---

[74] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[75] 29 Am. Jur. 2d Evidence § 171.

Accordingly, the Court need not address whether the affidavits should be stricken. Even without considering them, Gegenheimer is entitled to summary judgment because Plaintiff has not carried his burden of offering evidence that the warrant application was provided to Gegenheimer.

**B.      *Whether Gegenheimer is entitled to Qualified Immunity***

As the Court explained in its March 30, 2020 Order, to bring a claim under 42 U.S.C. § 1983, a plaintiff is required to allege facts demonstrating that: (1) the defendant violated the Constitution or federal law; and (2) that the defendant was acting under the color of state law while doing so.[76] The Court noted that it was not clear precisely what constitutional right Plaintiff is alleging was violated. Construing the Complaint liberally, the Court considered whether Plaintiff had stated a constitutional claim that he was denied access to (1) the affidavit in support of the search warrant, or (2) the court, in general.[77] First, the Court explained there is no clearly established constitutional right to access affidavits in support of search warrants, and thus Gegenheimer would be entitled to qualified immunity on any such claim.[78] The Order also concluded that Plaintiff failed to plead a violation of Plaintiff's constitutional right to access the courts. The Order explained that:

> [T]he right of access is "implicated where the ability to file suit was delayed, or blocked altogether." As long as the plaintiff is able to file suit, the right of access is not abridged.
>
> A claim that an individual has been unconstitutionally deprived of his right of

---

[76] Rec. Doc. 21 at 34; *See Wilson v. Dallas Cty. Hosp. Dist.*, 715 Fed. App'x. 319, 323 (5th Cir. 2017).

[77] Rec. Doc. 21 at 38.

[78] *Id.*

15

access to the courts requires a showing of actual injury. A plaintiff "must be able to show that [he has] suffered some cognizable legal prejudice or detriment as a result of the defendant's actions." Because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court . . . the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint."

Access-to-court claims are categorized as either a forward-looking claim or a backward-looking claim. A plaintiff asserts a forward-looking claim when he alleges "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time," while a plaintiff asserts a backward-looking claim when he alleges that an official action has "caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief."

The Court then ruled that Plaintiff has "not alleged prejudice or actual injury as a result of Gegenheimer's actions."[79] Because Plaintiff "does not assert that [Gegenheimer's failure to maintain the affidavit] denied [Plaintiff] access to the court," the Court found that Gegenheimer was entitled to qualified immunity.[80] However, short of granting the motion to dismiss, the Court granted Plaintiff leave to file a Rule 7(a)(7) reply.[81] Plaintiff has since amended the Complaint and filed a Rule 7(a)(7) reply.[82]

Gegenheimer now asserts that he is entitled to qualified immunity because "nowhere in his newly asserted allegations does Plaintiff allege that he has suffered any prejudice or actual injury

---

[79] *Id.* at 42.

[80] *Id.*

[81] *Id.* at 42–43.

[82] Rec. Docs. 23, 24.

as a result of [Gegenheimer's] actions."[83]  Furthermore, Gegenheimer argues that Plaintiff has "presented no facts, nor attempted to obtain facts through discovery, to support the notion that he has suffered actual injury or prejudice."[84]  In response, Plaintiff argues that Gegenheimer's actions have damaged him.[85]  Plaintiff asserts that he has incurred legal fees in attempting to locate the warrant application through public record requests.[86]  He also argues that he is injured because, without an original copy of the application, "the parties will never truly know if [the copy submitted by Lopinto] is the authentic document submitted to the court."[87]  Lastly, Plaintiff asserts that he is deprived of the right to view an "above-reproach, unaltered order that deprived him of his fundamental rights."[88]

These assertions are plainly insufficient to defeat summary judgment. A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of its pleadings."[89]  The nonmovant has the burden to "identify specific evidence in the summary judgment record."[90]  However, "only evidence—not argument, not facts in the complaint—will

---

[83] Rec. Doc. 54–1 at 7.

[84] *Id.* at 8.

[85] Rec. Doc. 60 at 11.

[86] *Id.*

[87] *Id.*

[88] *Id.*

[89] *Morris*, 144 F.3d at 380

[90] *Forsyth*, 18 F.3d at 1533

satisfy the burden."[91]  Plaintiff offers no *evidence* of prejudice or actual injury regarding Plaintiff's access to court. Indeed, attached to Plaintiff's opposition is the very affidavit that Plaintiff argues that he was denied access to due to Gegenheimer's conduct.[92]  Plaintiff now appears to argue that he cannot be sure that this copy of the affidavit is authentic, and claims that this "potentially unreliable document" "potentially deprives" him of his rights.[93]  However, Plaintiff fails to offer any evidence to this effect, and indeed notes that "there is no appearance of alteration" to the affidavit."[94]  Because Plaintiff has not carried his burden of offering evidence that he suffered prejudice or actual injury due to Gegenheimer's conduct, the Court finds that Gegenheimer is entitled to qualified immunity on Plaintiff's § 1983 claim.

---

[91] *Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994)

[92] Plaintiff notes that this copy of the warrant application was provided by Defendant Lopinto in discovery.

[93] Rec. Doc. 60 at 11.

[94] *Id.* at 11.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Gegenheimer's Motion for Summary Judgment[95] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this <u>24th</u> day of January, 2022.

<u>_Nannette Jolivette Brown_</u>
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[95] Rec. Doc. 54.